UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT S. BURKS,

    Plaintiff,

v.

CENTERPLATE,

    Defendant.

Civil No. 08-1040 (JNE/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 2 and 6.) The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff commenced this action by filing a complaint, (Docket No. 1), which purportedly was brought under Title VII of the Civil Rights Act of 1964. The Court reviewed that pleading, and found it to be defective for several reasons. Most notably, the complaint failed to allege any specific historical facts that could support any actionable claim for relief against the named Defendant. Furthermore, based on the limited allegations that Plaintiff did plead, it appeared that this action is time-barred. The Court therefore entered an order, (Docket No. 3), which informed Plaintiff that if he intended to pursue this action, he would

1

have to file an amended complaint that would address, and cure, the defects found in his initial pleading.

In response to that order Plaintiff filed an amended complaint, (Docket No. 5), which is now before the Court.  Plaintiff's amended complaint, repeated verbatim and in its entirety, is as follows:

> "Wrongfully terminated, alleged that I showed up on premises, not scheduled to work January 2005.  Was there to check the work schedule, the Twinfest going on and I had worked it the last 7 years.  They waited one month until February 2005 to terminate me for being on the premises when not scheduled.  Not right, retaliation for filing a grievance against them with the Union Board.  Supervisor took be off duty because work was sloppy, asked if eye was deteriorating."

Plaintiff's amended complaint obviously does not cure the deficiencies found in his original pleading.  He still has not provided a comprehensive and coherent description of the historical facts on which this action is based.  (The Court notes, in particular, that the named Defendant is not even mentioned in the body of the amended complaint.)  The amended complaint also fails to identify any legal basis for this lawsuit; and it does not identify the relief, (if any), that Plaintiff is seeking in this matter.  Finally, the Court's prior order explicitly directed Plaintiff to explain why this action is not time-barred, and Plaintiff has simply ignored that directive altogether.[1]

## II.  DISCUSSION

As pointed out in the Court's prior order, an IFP application will be denied, and the

---

[1] The Court's prior order advised Plaintiff that he should contact the Volunteer Lawyers Network, and ask that organization to help him find a lawyer to represent him in this matter.  Although Plaintiff was strongly encouraged to seek legal assistance before filing an amended complaint, he apparently chose not to follow that recommendation.

action dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal remedy against the named defendant based on some cognizable legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's current pleading fails to meet this standard.

As noted above, Plaintiff's amended complaint does not describe any specific acts or omissions by the named Defendant, (in fact, it does not even mention Defendant). Furthermore, the amended complaint does not identify any legal basis for this action, and it does not identify the legal redress that Plaintiff is seeking. (It also appears that this action is time-barred.)

Thus, the Court finds that, even when afforded the benefit of liberal construction, Plaintiff's amended complaint, like his original pleading, fails to state a cause of action on which relief can be granted. Because Plaintiff has failed again to plead an actionable claim for relief against the named Defendant, the Court will now recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket Nos. 2 and 6), be DENIED; and

2.  This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated:  June 3, 2008                    s/ *Jeanne J. Graham*
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 17, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.